## HERMAN LANGKAWEL v. SAVIAS E. BROWN.

WRIT OF ERROR—EXTENSION OF TIME FOR ISSUANCE OF.

The defendant moved for an order extending the time for suing out a writ of error, and directing that the writ of error already issued should stand as the writ in the case. Denied.

*P. W. Niskern*, for motion.

*Nelson DeLong, contra*, contended:

1. That 3 How. Stat. § 8686,· provides that the time in which writs of error may be taken out may be extended not exceeding six months by the Supreme Court or one of the Supreme Court Justices at Chambers, when the proposed appellant has been prevented by circumstances not under his control from taking out the writ.

2. That no particular favor should be shown the defendant, as the judgment sought to be reviewed amounts to but $22; that it appears that the plaintiff recovered verdicts before the justice and in the circuit court for the same amounts; that the time in which to settle a bill of exceptions was extended from time to time until August 5, 1895, when the bill was settled, said several extensions amounting in the aggregate to seven and one half months; that it would seem that if defendant's counsel, in view of these extensions, did not know when the judgment was entered, it was due solely to gross carelessness on his part; that the causes which the defendant alleges in support of his motion are not "circumstances not under his control;" that they are at the best a mere mistake on the part of his attorney, and a very careless one,—simply a want of memory of matters which were within the knowledge of said attorney when he applied for the several extensions of time, and when he prepared the bill of exceptions, which bill must have been under his eye many times.

The facts as alleged by the respective parties were:

1. In his affidavit filed in support of said motion the defendant averred that on December 21, 1894, a judgment was rendered against him and in favor of the

plaintiff in the circuit court for the county of Muskegon; that a bill of exceptions was settled and signed by the circuit judge, after which and as early as in November, 1895, he paid to his attorney Stephen H. Clink the sum of $6 for clerk's fees for the purpose of having a writ of error issued to remove said judgment to the Supreme Court for review; that he relied upon his said attorney to procure said writ, and supposed and believed that he had done so within the statutory time until informed that said writ was not issued until December 28, 1895, being, as he is informed, too late a day for its issuance.

2. In his affidavit filed in support of said motion, Stephen H. Clink averred that up to that date he had been the sole attorney for said defendant in said case; that the defendant as early as in November, 1895, paid him $6 clerk's fees required to be paid on taking out a writ of error; that he in good faith intended to sue out said writ within the statutory year; that he had entered upon his case book the date of the entry of the judgment, which entry was December 31, 1894, which he believed to be the true date; that within one year from said date he caused a writ of error to be issued, but afterwards learned that as a matter of fact the judgement was entered on December 21, 1894, instead of at said later date

3. In his affidavit filed in opposition to said motion the attorney for the plaintiff averred.

a—That on November 8, 1894, plaintiff recovered a judgment for $22 against the defendant in justice's court for work and labor; that on the same day the defendant took an appeal to the circuit court; that on December 21, 1894, a like judgment was entered for the plaintiff in said circuit court.

b—That the time in which to settle a bill of exceptions was extended from time to time, until August 6, 1895; that on August 5, 1895, said bill of exceptions was settled and signed.

c—That the circuit court of Muskegon county was not in session on December 31, 1894, it having been adjourned on December 21, 1894, to January 5, 1895; that the bill of exceptions, which was prepared by defendant's said attorney, in its commencement recites "At a session of said court held at the court house in the city of Muskegon on the 22d day of December, 1894, etc.," showing that if said attorney supposed, as stated in his affidavit, that said judgment was rendered on December 31, 1894, it was because he had forgotten the true date of the entry of said judgment.

d—That on December 30, 1895, said Clink served on deponent a notice of the issuance of a writ of error dated December 28, 1895; that this was the first notice that the deponent had received of such fact; that as soon as he observed the date of said writ he informed said Clink that the statutory year had expired, and that it was too late to take out said writ; that said Clink did not then claim that he supposed that the judgment was entered Dec. 31, 1894, but said he would apply for an extension of time for the issuance of said writ, remarking that "a man cannot always be expected to have $6 to pay for a writ of error;" that deponent had been informed by the clerk of said circuit court that no fees had been paid to him for making a return to said writ, for which reason such return had not been made.

e—That the notice of the hearing of this motion is signed by P. W. Niskern, attorney for defendant and appellant, but that no notice that said Niskern is such attorney has ever been served upon this deponent unless said notice of hearing constitutes such notice.